IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-348-WKW |
| | ) | |
| BRANDON ELLIOTT CLARK | ) | |

## **MEMORANDUM OPINION AND ORDER**

Can the court impose a sentence in this case that runs concurrent to a federal sentence previously imposed in another action? The answer is yes.

## **I. BACKGROUND**

In March 2018, law enforcement officers searched Defendant Brandon Elliott Clark's home. The officers found cocaine, ecstasy, marijuana, a pistol, and $96,318 in cash. At the time, Defendant was on supervised release for a prior drug offense, so the United States Probation Office petitioned the court to revoke Defendant's term of supervised release. (No. 12-cr-163-MHT, Doc. # 3.) The United States Attorney also charged Defendant with committing new crimes. (No. 18-cr-348-WKW, Doc. # 1.) As a result, Defendant faced two different proceedings: one for the revocation of supervised release, and this action for his alleged new crimes. Judge Myron H. Thompson was assigned to the revocation proceeding, but not to this action.

In October 2018, Defendant pleaded guilty in his revocation proceeding. (No. 12-cr-163-MHT, Docs. # 30, 31.) Judge Thompson sentenced Defendant to thirty-

seven months imprisonment "to be run concurrent with any sentence imposed in 3:18cr348-WKW." (No. 12-cr-163-MHT, Doc. # 31, at 3.)

In this action, Defendant and the United States entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The United States agreed to a sentence of sixty-six months. (No. 18-cr-348-WKW, Doc. # 7, at 2.) The guideline range, however, is from ninety to ninety-seven months. (PSR ¶ 74.) In determining whether to accept the plea agreement and impose a sentence of sixty-six months, the court is considering whether it can run that sentence consecutive to the sentence that Judge Thompson imposed.

## II. DISCUSSION

"Firmly rooted in common law is the principle that the selection of either concurrent or consecutive sentences rests within the discretion of sentencing judges." *Oregon v. Ice*, 555 U.S. 160, 168–69 (2009) (quoting Arthur W. Campbell, *Law of Sentencing* § 9:22 (3d ed. 2004)). Congress echoed that principle when it enacted 18 U.S.C. § 3584. Section 3584 provides that when a defendant "is already subject to an undischarged term of imprisonment," a sentencing court may run the sentence it imposes "concurrently or consecutively" to the earlier sentence:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed

2

> at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a) (2017). Under that provision, the last federal judge to sentence a defendant makes the concurrent-vs.-consecutive decision. To see why, it helps to consider what happens when a federal court imposes a sentence in anticipation of a state sentence.

### A.    A federal sentence may run concurrent to an anticipated *state* sentence.

The Eleventh Circuit has long held that a federal court can specify whether a federal sentence will run concurrent with — or consecutive to — a not-yet-imposed *state* sentence. *See United States v. McDaniel*, 338 F.3d 1287, 1288 (11th Cir. 2003) (per curiam); *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir. 1993).

The Supreme Court adopted the same rule in *Setser v. United States*, 566 U.S. 231, 245 (2012). Specifically, *Setser* held that § 3584(a) does not apply when there is an anticipated *state* sentence. That is because federal courts do not impose state sentences and because anticipated sentences are (by definition) not yet imposed. *Id.* at 235. So when there is an anticipated state sentence, § 3584(a) is silent. And when § 3584(a) is silent, a district court retains its traditional, common-law authority to make the concurrent-vs.-consecutive decision about the sentence it imposes. *Id.*

3

**B.     The rule about anticipated state sentences does not apply to anticipated *federal* sentences.**

In footnote four, however, *Setser* suggested that its holding about future state sentences might not apply when the anticipated sentence is a federal one:

> Setser notes that the text of § 3584(a) does not distinguish between state and federal sentences. If a district court can enter a consecutive sentencing order in advance of an anticipated state sentence, he asks, what is to stop it from issuing such an order in advance of an anticipated federal sentence? It could be argued that § 3584(a) impliedly prohibits such an order because it gives that decision to the federal court that sentences the defendant when the other sentence is "already" imposed — and does not speak (of course) to what a state court must do when a sentence has already been imposed. It suffices to say, however, that this question is not before us.

556 U.S. at 241 n.4; *cf. Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997) (stating "dicta from the Supreme Court is not something to be lightly cast aside"). That is, *Setser* picked up on the fact that when a sentence has already been imposed in another case, § 3584(a) lets the subsequent sentencing court make the concurrent-vs.-consecutive decision. So when two federal judges sentence the same defendant, the second judge — not the first one — decides whether the two sentences will run concurrently or consecutively.

The First, Fourth, and Ninth Circuits each turned *Setser*'s dicta into precedent. *See United States v. Almonte-Reyes*, 814 F.3d 24, 29 (1st Cir. 2016) (holding "a federal sentencing court does not have the authority to determine that a sentence should be consecutive to a federal sentence that has not yet been imposed"); *United*

*States v. Obey*, 790 F.3d 545, 549 (4th Cir. 2015) (holding a district court erred when it ordered a defendant's sentence to run consecutively to "*any* other State or *Federal* sentence"); *United States v. Montes-Ruiz*, 745 F.3d 1286, 1292 (9th Cir. 2014) (adopting the distinction in *Setser* footnote four). And even before *Setser*, the Fifth Circuit held "that § 3854 does not provide a district court authority to order that its sentence run consecutively to an anticipated but not-yet-imposed federal sentence." *United States v. Quintana-Gomez*, 521 F.3d 495, 497 (5th Cir. 2008). These circuits follow the rule that the last federal judge to sentence a defendant gets to decide whether the sentences will run concurrently or consecutively.

The Eleventh Circuit took the same approach in *United States v. Rivas*, 469 F. App'x 761 (11th Cir. 2016) (per curiam). In *Rivas*, two judges sentenced the same defendant. Judge King sentenced the defendant to thirty months in prison. A week later, Judge Moreno sentenced the defendant to six months in prison. Judge King stated the thirty-month sentence would "run concurrent" to the sentence Judge Moreno imposed. But then Judge Moreno decided the six-month sentence would run consecutively to the thirty-month sentence. *Id.* at 762. On appeal, the Eleventh Circuit held that "Judge Moreno acted within his discretion when he chose a consecutive sentence." *Id.* at 763. It distinguished *Setser* as a case about anticipated *state* sentences, and it said that one judge could not require another judge to impose a concurrent sentence in the future. *Id.*

5

*Rivas* is on all fours here. And according to *Rivas*, the sentence imposed in Defendant's revocation proceeding cannot dictate what sentence the court imposes here. That rule makes good sense. As the Fifth Circuit put it, "one district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentences." *Quintana-Gomez*, 521 F.3d at 497; *see also Montes-Ruiz*, 745 F.3d at 1292–83 (citing *United States v. Smith*, 472 F.3d 222, 227 (4th Cir. 2007)) (expressing a similar rationale).

The court is aware of one case that implies that Judge Thompson's order binds here. That case is distinguishable, however. In *United States v. Andrews*, a district court revoked a defendant's term of supervised release and sentenced him to twenty-four months. 330 F.3d 1305, 1306 (11th Cir. 2003) (per curiam). At that time, the defendant was facing charges in both federal and state court, and the sentencing judge stated that it was his "intent that this sentence that I have imposed be served consecutively to any other sentences that may be imposed." *Id.* The Eleventh Circuit held that the sentencing judge did not abuse his discretion, reaffirming that a court may "impose a consecutive sentence to an unimposed, future sentence." *Id.* at 1307. *Andrews* implied that future federal judges would be bound by the first judge's decision.

But *Andrews* is distinguishable in three ways. First, it did not address what would happen if a future federal court contradicted the first sentence; it simply held

6

that the first sentencing judge could define the initial sentence. In other words, the question in this case was not before the court in *Andrews*. Second, *Andrews* relied exclusively on *United States v. Ballard*, 6 F.3d 1502, a case about anticipated *state* sentences. Since there is a distinction between state and federal sentences, *Andrews*'s reliance on *Ballard* leaves something to be desired. Finally, a footnote in *Andrews* seems to narrow that court's holding to anticipated state sentences: "By this opinion, we conclude *only* that the federal court may control the federal sentence and whether a defendant will receive *federal* credit for the time served on his *state* sentence." 330 F.3d at 1307 n.1 (emphasis altered). For these reasons, *Andrews* does not control here.

### III. CONCLUSION

The court has the common-law authority to decide whether Defendant will serve his sentence in this case consecutively to the sentence he is currently serving. Section 3584(a) confirms that authority. The court thus finds that it need not run the sentence imposed in this case concurrently with the sentence imposed in Defendant's revocation proceeding.

DONE this 28th day of January, 2019.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE